IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN BERMAN,**

    **Plaintiff,**                                  **Case No. 2:25-cv-531**

    **v.**                                        **District Judge Algenon L. Marbley**
                                             **Magistrate Judge Kimberly A. Jolson**

**SUPREME COURT OF OHIO,**

    **Defendant.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Undersigned on Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docs. 1, 5); his Motion Requesting Electronic Filing Rights (Doc. 1-5); and the initial screen of his Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's second Motion for *in forma pauperis* status (Doc. 5) is **GRANTED**, and his first Motion (Doc. 1) is **DENIED as moot**. Plaintiff's Motion Requesting Electronic Filing Rights is also **DENIED**. (Doc. 1-5).

After screening Plaintiff's Complaint as required, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

**I.**     **STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). Nor

is it the Court's role to "ferret out the strongest cause of action on behalf of *pro se* litigants" or advise "litigants as to what legal theories they should pursue." *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (considering the *sua sponte* dismissal of an amended complaint under 28 U.S.C. § 1915(e)(2)).  At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome.  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  While this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Id.* at 678 (citation modified).  In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation modified).

## II.  DISCUSSION

Plaintiff's Complaint is bare bones.  He alleges that he has pending cases in an "Ohio Court of Common Pleas," as well as an "Ohio appeals court." (Doc. 1-1 at 2).  In late April or early May 2025, he visited the Supreme Court of Ohio's website to file grievances against Ohio lawyers. (*Id.*).  But the website, Plaintiff says, "requires a person filing a grievance against an Ohio

lawyer . . . to click the slider button shown that forces him to answer YES to: 'Do you agree to maintain the confidentiality of your grievance?'" (*Id.* (quoting Doc. 1-2)). Simply put, Plaintiff says he cannot file a grievance unless he agrees to keep it confidential. (*Id.* at 2–3); *see also* Ohio Government of the Bar Rule V, § 8(A)(1) (saying that materials related to consideration of attorney grievances "shall be kept confidential" prior to a determination of probable cause, with some exceptions). Plaintiff asserts that this confidentiality requirement "violates [his] right to petition the Ohio government for redress of grievances, by requiring him to agree to this code of silence." (*Id.* at 3). As a result, he sues the Supreme Court of Ohio under 42 U.S.C. § 1983 for alleged violations of his First and Fourteenth Amendment rights and seeks declaratory and injunctive relief. (*Id.*).

Even construing the Complaint liberally as the Undersigned must do, Plaintiff fails to state a claim. Under the Eleventh Amendment of the United States Constitution, "an unconsenting state is . . . immune from suits filed in federal court by one of its own citizens[.]" *Metz v. Sup. Ct. of Ohio*, 46 F. App'x 228, 237 (6th Cir. 2002). Because the state of Ohio has not waived its Eleventh Amendment immunity in federal court, the Court lacks jurisdiction over Plaintiff's claims against the Supreme Court of Ohio. *See Haller v. Lipps*, No. 1:11-cv-291, 2011 WL 7300284, at *6 (S.D. Ohio Dec. 28, 2011) (saying the state of Ohio has not waived its Eleventh Amendment immunity, and Congress did not do so in enacting Section 1983), *report and recommendation adopted*, No. 1:11-cv-291, 2012 WL 479083 (S.D. Ohio Feb. 14, 2012), *appeal dismissed*, No. 12-4161 (6th Cir. Nov. 30, 2012); *Metz*, 46 F. App'x at 237; *Mixon v. State of Ohio*, 193 F.3d 389, 396–97 (6th Cir. 1999).

Further, the Supreme Court of Ohio is not a legal entity that can be sued under Section 1983. The Supreme Court of Ohio has held that Ohio courts are not *sui juris*. *Williams v. Franklin*

3

*Cnty. Mun. Ct.*, No. 2:10-cv-1155, 2011 WL 13160383, at *3 (S.D. Ohio Aug. 22, 2011) (citing *Malone v. Ct. of Common Pleas of Cuyahoga Cnty.*, 344 N.E.2d 126, 128–29 (Ohio 1976)); *see also* Fed. R. Civ. P. 17(b)(3) (providing the "law of the state where the [federal district] court is located" determines who has the capacity to be sued in federal court).  In other words, "absent express statutory authority," the Supreme Court of Ohio "can neither sue or be sued in its own right." *Tingler v. Ohio Gen. Assembly*, No. 2:24-cv-468, 2024 WL 1464373, at *3 (S.D. Ohio Feb. 21, 2024) , *report and recommendation adopted*, No. 2:24-cv-468, 2024 WL 1172770 (S.D. Ohio Mar. 19, 2024); *see also Arbino v. Ohio*, No. 1:12-cv-203, 2012 WL 1756856, at *2 (S.D. Ohio Apr. 2, 2012), *report and recommendation adopted*, No. 1:12-cv-203, 2012 WL 1755828 (S.D. Ohio May 16, 2012); *Terry v. Kennedy*, No. 2:24-cv-1200, 2025 WL 948919, at *5 (S.D. Ohio Mar. 28, 2025).  Consequently, Plaintiff's Section 1983 claims against the Supreme Court of Ohio must be dismissed.

Even if the Supreme Court of Ohio could be sued in this Court, Plaintiff's allegations are too scant to proceed past an initial screen.  Plaintiff alleges that the Supreme Court of Ohio's confidentiality requirement for attorney grievances violates his rights under the First and Fourteenth Amendments.  (Doc. 1-1 at 3; *see also* Doc. 1-2).  More specifically, he says the requirement violates his right to petition the government.  (Doc. 1-1 at 3).

Though the First Amendment guarantees individuals the right to petition the government, *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), Plaintiff does not explain how the confidentiality requirement prevents him from filing his grievance.  (Doc. 1-1 at 3 (saying the requirement forces him to agree to a "code of silence," but not that he cannot file his grievance)); *see, e.g.*, *Tomlin v. City of Eubank*, No. 5:22-cv-200, 2023 WL 3391409, at *3 (E.D. Ky. May 11, 2023) (dismissing a First Amendment right-to-petition claim where the plaintiffs did not allege

that the denial of their public records requests prevented them from filing their requests); *McCain v. Hermann Law Off.*, No. 5:09-cv-165, 2010 WL 3322708, at *5 (D. Vt. July 7, 2010) (dismissing a similar First Amendment claim based upon a rule requiring materials to be kept confidential "prior to the filing of formal disciplinary proceeding"); *cf. EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 863–64 (6th Cir. 2012) (considering whether the defendant's conduct "chilled" or meaningfully infringed on the plaintiff's right to petition the government).

What's more, Plaintiff does not explain how the Supreme Court of Ohio otherwise violated his rights under the Fourteenth Amendment. *See Wyley v. Cuyahoga Cnty.*, No. 1:25-cv-230, 2025 WL 1581054, at *2–3 (N.D. Ohio June 4, 2025) (finding a complaint did not meet minimum pleading requirements where it did not say how the defendant violated the plaintiff's constitutional rights). At bottom, Plaintiff's allegations are too thin to provide fair notice of the factual and legal grounds underlying his claims. *See Twombly*, 550 U.S. at 555 (requiring a complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests" (citation modified)); Fed. R. Civ. P. 8(a)(2) (saying a complaint must contain "a short and plain statement showing that the pleader is entitled to relief").

In sum, the Supreme Court of Ohio cannot be sued in federal court, and Plaintiff's Complaint fails to state a claim upon which relief can be granted. Therefore, the Undersigned **RECOMMENDS** that the Complaint (Doc. 1-1) be **DISMISSED**.

In light of this recommendation, the Undersigned **DENIES** Plaintiff's Motion Requesting Electronic Filing Rights. (Doc. 1-5); *see Needham v. Butler Cnty. Jail*, No. 1:19-cv-294, 2019 WL 5883643, at *2 (S.D. Ohio Nov. 12, 2019) (noting that the "grant of electronic filing privileges is a privilege granted to pro se litigants in the discretion of this Court").

5

### III. CONCLUSION

Plaintiff's second Motion for Leave to Proceed *in forma pauperis* (Doc. 5) is **GRANTED**, and his first Motion for *in forma pauperis* status (Doc. 1) is **DENIED as moot**. The Undersigned also **DENIES** Plaintiff's Motion Requesting Electronic Filing Rights. (Doc. 1-5).

After conducting the required initial screen under 28 U.S.C. § 1915(e), the Undersigned **RECOMMENDS** that the Complaint (Doc. 1-1) be **DISMISSED**.

Date: June 13, 2025                                  /s/Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).