**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN BERMAN,**

      **Plaintiff,**                            Case No. 2:25-cv-531

      v.                                    **District Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

**SUPREME COURT OF OHIO,**

      **Defendant.**

## ORDER AND SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Request for Leave to Amend (Doc. 8). For the following reasons, the Undersigned **GRANTS** Plaintiff's request to amend. After conducting an initial screen of the Amended Complaint under 28 U.S.C. § 1915(e), however, the Undersigned still **RECOMMENDS** that this action be **DISMISSED**.

**I.    BACKGROUND**

Plaintiff filed this action on May 13, 2025. (Doc. 1). The Undersigned previously summarized his allegations:

> [Plaintiff] alleges that he has pending cases in an "Ohio Court of Common Pleas," as well as an "Ohio appeals court." (Doc. 1-1 at 2). In late April or early May 2025, he visited the Supreme Court of Ohio's website to file grievances against Ohio lawyers. (*Id*.). But the website, Plaintiff says, "requires a person filing a grievance against an Ohio lawyer . . . to click the slider button shown that forces him to answer YES to: 'Do you agree to maintain the confidentiality of your grievance?'" (*Id*. (quoting Doc. 1-2)). Simply put, Plaintiff says he cannot file a grievance unless he agrees to keep it confidential. (*Id*. at 2–3); *see also* Ohio Government of the Bar Rule V, § 8(A)(1) (saying that materials related to consideration of attorney grievances "shall be kept confidential" prior to a determination of probable cause, with some exceptions). Plaintiff asserts that this confidentiality requirement "violates [his] right to petition the Ohio government for redress of grievances, by requiring him to agree to this code of silence." (*Id*. at 3).

(Doc. 6 at 2–3).

Based upon these allegations, Plaintiff brought claims under 42 U.S.C. § 1983 against the Supreme Court of Ohio for alleged violations of his First and Fourteenth Amendment rights. (Doc. 1-1 at 3). On June 13, 2025, the Undersigned issued an Order and Report and Recommendation that recommended dismissing his Complaint for two reasons. (Doc. 6). First, the Undersigned noted that the Supreme Court of Ohio is not an entity that can be sued under Section 1983. (*Id.* at 3–4). Second, the Undersigned found that Plaintiff's Complaint did not contain enough facts to state claims under either the First or Fourteenth Amendment. (*Id.* at 4–5).

On July 1, 2025, Plaintiff filed objections to the June 13 Order and Report and Recommendation. (Doc. 7). At the same time, he sought leave to amend his complaint. (Doc. 8). His Amended Complaint contains the same allegations as his original pleading, with a few additions. (*Compare* Doc. 1-1 *with* Doc. 8 at 4–9). This time, Plaintiff seeks to sue Katrina Flory, "Chief information officer of Ohio," instead of the Supreme Court of Ohio. (Doc. 8 at 4). He brings claims against her under Section 1983 for violations of the First Amendment and the Fourteenth Amendment's Equal Protection Clause. (*Id.* at 5–7). Once more, he asserts that the Supreme Court of Ohio's confidentiality requirement for attorney grievances violates his First Amendment right to petition the government. (*Id.* at 7). And, he says, the requirement also violates the Equal Protection Clause, since grievances filed against certain contractors in Ohio are publicly available. (*Id.* at 5–6).

Plaintiff's Request for Leave to Amend (Doc. 8) is ripe for the Undersigned's review.

## II. REQUEST TO AMEND

Up front, the Undersigned notes that Plaintiff does not need the Court's leave to amend his Complaint at this stage. Under Rule 15, a party can amend a pleading "once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive

2

pleading is required, 21 days after service of a responsive pleading or" a Rule 12 motion. Fed. R. Civ. P. 15(a)(1). At this time, no defendant has been served or responded to Plaintiff's Complaint. Therefore, he can amend this one time "as a matter of course." *See* Fed. R. Civ. P. 15(a)(1); *Tolliver v. Noble*, 752 F. App'x 254, 261–62 (6th Cir. 2018).

Accordingly, Plaintiff's Request for Leave to Amend (Doc. 8) is **GRANTED**. The Undersigned now screens Plaintiff's Amended Complaint as 28 U.S.C. § 1915(e) requires. In doing so, the Undersigned **INCORPORATES** the June 13 Order and Report and Recommendation. (Doc. 6).

### III. SCREEN OF THE AMENDED COMPLAINT

As noted, Plaintiff's Amended Complaint includes three changes. (Doc. 8 at 4–9). First, he now sues Chief Information Officer Katrina Flory. (*Id.* at 4). Second, he asserts an equal protection claim based upon allegations that grievances against attorneys filed in the Supreme Court of Ohio are kept confidential, but grievances against Ohio contractors are "public record." (*Id.* at 5–6). Lastly, Plaintiff adds more allegations to support his First Amendment claim. (*Id.* at 5). None of these changes, however, change the outcome of his case. The Undersigned still **RECOMMENDS** that this action be **DISMISSED**.

#### A. Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Amended Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face."

*Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient.  *Id.* (internal quotation and quotation marks removed).  In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

      **B.**     **Defendant Katrina Flory**

The Undersigned begins with the new Defendant.  As background, Plaintiff originally sued the Supreme Court of Ohio.  (Doc. 1-1).  The Undersigned recommended dismissing Plaintiff's Complaint because the Supreme Court of Ohio is not a legal entity that can be sued under Section 1983, and the state of Ohio enjoys Eleventh Amendment immunity in federal court.  (Doc. 6 at 3–4).  Now, Plaintiff says that by suing Chief Information Officer Katrina Flory instead, he can circumvent Eleventh Amendment immunity and proceed on his constitutional claims.  (Doc. 8 at 1).

Still, Plaintiff sues the wrong Defendant.  While the Eleventh Amendment "bars all suits . . . against the state and its departments," it does not prohibit individuals from suing state officers for prospective injunctive relief.  *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012); *see also Carten v. Kent State Univ.*, 282 F.3d 391, 398 (6th Cir. 2002) (citing *Ex parte Young*, 209 U.S. 123 (1908)).  But the state official who is sued "must have, by virtue of the office, some connection with the alleged unconstitutional act or conduct of which the plaintiff complains." *Smith v. DeWine*, 476 F.Supp.3d 635, 652 (S.D. Ohio 2020) (citation modified).

4

In his Amended Complaint, Plaintiff alleges no connection between Katrina Flory and the Supreme Court of Ohio. (*See* Doc. 8 at 4–9). Nor does he say whether she enacted the confidentiality requirement he challenges. (*Id.*). In fact, other than identifying her in the case caption, Plaintiff does not mention her in his Amended Complaint once. (*See id.*). Therefore, he fails to state a claim against her, and since she is the only Defendant he sues, his Amended Complaint should be dismissed in its entirety. *See Slone v. DeWine*, No. 2:22-cv-144, 2022 WL 1269730, at *10 (S.D. Ohio Apr. 28, 2022) (finding a complaint failed to state a claim where the plaintiff did "not plead any connection between the Governor or Attorney General" and the statute being challenged), *report and recommendation adopted*, No. 2:22-cv-144, 2022 WL 1597584 (S.D. Ohio May 19, 2022); *Jones v. DeWine*, No. 2:20-cv-3301, 2021 WL 1056779, at *5 (S.D. Ohio Mar. 19, 2021) (dismissing claims against a defendant where the plaintiffs did not allege "any specific connection to the actions which Plaintiffs contend are unconstitutional"), *report and recommendation adopted*, No. 2:20-cv-3301, 2021 WL 3404227 (S.D. Ohio Aug. 4, 2021); *see also Smith,* 476 F.Supp.3d at 652 ("Generally, a state executive's role in appointing and supervising officials, setting policy, and making budget recommendations fail to meet the sufficient connection requirement under *Young*." (quotation omitted)).

Even if Katrina Flory were responsible for the conduct alleged, Plaintiff still fails to state a claim against her. The Undersigned begins with his equal protection allegations before turning to his First Amendment claim.

    **C.**    **Equal Protection Claim**

The Fourteenth Amendment's Equal Protection Clause "prohibits a state from denying to 'any person within its jurisdiction the equal protection of the laws.'" *Scarborough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006) (quoting U.S. Const. Am. XIV, § 1). "When

5

officials treat similar individuals differently, the Equal Protection Clause demands a justification." *In re Flint Water Cases*, 384 F.Supp.3d 802, 843 (E.D. Mich. 2019). Such situations, however, are evaluated under different levels of scrutiny. If the alleged treatment "neither burdens a fundamental right nor targets a suspect class," the different treatment will be upheld "so long as it bears a rational relation to some legitimate end." *Id.* (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996)).

Here, Plaintiff does not allege membership in a suspect class or the burdening of a fundamental right. (Doc. 8 at 4–9); *cf. McCreary v. Bell*, No. 1:10-cv-1211, 2011 WL 4559712, at *7 (W.D. Mich. Sept. 30, 2011) (saying a plaintiff "does not have a constitutional or federal right to obtain relief through an attorney grievance"). Therefore, his claim is governed by rational basis review.

In his Amended Complaint, Plaintiff asserts that the state of Ohio treats grievances against lawyers and grievances against contractors differently. (Doc. 8 at 5). The former is kept confidential, while the latter, he alleges, is not. (*Id.* at 5–6). Construed very liberally, it seems that Plaintiff alleges that he, as someone who seeks to file a grievance against an attorney, is being treated differently than someone who wishes to file a grievance against a contractor. (*Id.*).

At bottom, Plaintiff's allegations are too bare to proceed past the initial screening stage. To start, Plaintiff does not explain how he is similarly situated to those pursuing complaints against contractors. (Doc. 8 at 4–9); *see, e.g.*, *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (saying an amended complaint did not state an equal protection claim where the plaintiffs did not "make any comparison to similarly situated groups"); *Murphy v. Clendenion*, No. 1:23-cv-00013 2023 WL 3065216, at *2–3 (M.D. Tenn. Apr. 24, 2023) (finding a plaintiff failed to state a claim where he did not negate reasons for different housing assignments

6

within a prison or explain how the two groups of prisoners were similarly situated). Nor does he allege that the state of Ohio has no rational reason for keeping grievances against lawyers confidential, while allowing grievances against contractors to be public record. (*Id.*); *In re Flint Water Cases*, 384 F.Supp.3d at 844–45 (dismissing equal protection claims where the plaintiffs did not allege facts or explain why no rational reason for the differing treatment existed); *cf. Davis v. Yuspeh*, No. 111575, 2023 WL 415994, at *2 (Ohio Ct. App. Jan. 26, 2023) (saying the confidentiality requirement exists "to protect attorneys from the public discovery of grievances unless there is a probable cause finding"); *Everage v. Elk & Elk*, 823 N.E.2d 516, 518 (Ohio Ct. App. 2004) (saying the Supreme Court of Ohio has created a "substantive right of privacy [for attorneys] . . . with respect to the disclosure of uncertified grievances"). Instead, he baldly asserts that the differing treatment, on its own, violates the Constitution. (Doc. 8 at 6). This is not enough to state an equal protection claim because while "[s]tates must treat like cases alike," they "may treat unlike cases accordingly." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). As a result, this claim should be **DISMISSED**.

        **D.    First Amendment Claim**

Finally, the Undersigned turns to Plaintiff's revised First Amendment right-to-petition claim. Previously, the Undersigned concluded that while "the First Amendment guarantees individuals the right to petition the government, *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)," Plaintiff failed to state a First Amendment claim because he did not "explain how the confidentiality requirement prevents him from filing his grievance." (Doc. 6 at 4 (collecting cases)).

Now, to cure that deficiency, Plaintiff asserts, without any additional facts, that agreeing to keep his grievance confidential "abridge[es]" or "implicit[ly] chill[s]" his "protected speech."

7

(Doc. 8 at 5). But these are just legal conclusions disguised as additional facts. *Twombly*, 550 U.S. at 555 ("[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation'" (citation omitted)). Plaintiff's "formulaic recitation of the elements" is insufficient to allege a claim. *Id.*.

Further, Plaintiff appears to misunderstand the scope of a right-to-petition claim. There are two types of such claims. "In a right-to-speech claim, the plaintiff must allege that the government took a specific, concrete action or threat that had a chilling effect and denied plaintiff's right to free speech protected by the Petition Clause. . . . In a right-to-meaningful-access claim, the plaintiff must allege that the defendant denied him or her meaningful access to the courts, preventing the plaintiff from airing his or her grievances before the courts." *Pippin v. City of Reynoldsburg*, No. 2:17-cv-598, 2019 WL 4738014, at *10 (S.D. Ohio Sept. 27, 2019) (citation modified). Plaintiff has not alleged enough for either type of claim. Again, he does not allege that the confidentiality requirement actually prevents him from filing his attorney grievance. (Doc 8 at 4–9). Indeed, based upon the Amended Complaint, Plaintiff can file his grievance. The Supreme Court of Ohio's rule simply requires him to keep that grievance confidential until a probable cause determination is made. *See* Ohio Government of the Bar Rule V, § 8(A)(1). His dissatisfaction with the rule does not stop him from filing the grievance, and accordingly, it is not enough to state a right-to-petition claim. *See, e.g.*, *Tomlin v. City of Eubank*, No. 5:22-cv-200, 2023 WL 3391409, at *3 (E.D. Ky. May 11, 2023) (dismissing a First Amendment right-to-petition claim where the plaintiffs did not allege that the denial of their public records requests prevented them from filing their requests); *McCain v. Hermann Law Off.*, No. 5:09-cv-165, 2010 WL 3322708, at *5 (D. Vt. July 7, 2010) (dismissing a similar First Amendment claim based upon a

rule requiring materials to be kept confidential "prior to the filing of formal disciplinary proceeding").

In sum, although Plaintiff's Amended Complaint is procedurally proper, he fails to explain why Katrina Flory is a proper Defendant in this action, and he provides insufficient factual allegations to support his Section 1983 claims. As a result, the Undersigned **RECOMMENDS** that his Amended Complaint (Doc. 8) be **DISMISSED** for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's Request for Leave to Amend. (Doc. 8). After conducting an initial screen of the Amended Complaint under 28 U.S.C. § 1915(e), however, the Undersigned still **RECOMMENDS** that this action be **DISMISSED**.


Date: July 30, 2025          /s/ Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE


**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).