IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN LAURENCE BERMAN, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:25-cv-531 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| SUPREME COURT OF OHIO, | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter comes before this Court on Magistrate Judge Jolson's Reports and Recommendations (ECF Nos. 6, 9) that *pro se* Plaintiff John Laurence Berman's case be dismissed, and Berman's Objections to those Reports and Recommendations. (ECF Nos. 7, 12). Upon independent review, this Court ordered Berman to show cause why his Complaint should not be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 13). Berman failed to respond. For the reasons set forth below, Berman's Complaint must be dismissed because it fails to establish that an actual case or controversy exists. This case is **DISMISSED** for lack of subject matter jurisdiction.

## I. BACKGROUND

Berman sues the Supreme Court of Ohio under 42 U.S.C. § 1983, alleging that the Supreme Court of Ohio—and perhaps also the State of Ohio—violated his First and Fourteenth Amendment rights by stifling his ability to "petition the government for redress of grievances." (ECF No. 1-1 at 3). In 2025, Berman desired to file "a complaint against several Ohio lawyers" on "the Ohio state government's [web]page." (*Id.* ¶ 4). Berman's unhappiness with these Ohio lawyers goes back to injuries he apparently suffered stemming from a 2018 plane crash in New Mexico. Berman

1

claims he needed funds to pay for a novel therapy to address these injuries.  (*Id.* ¶ 3; ECF No. 1-4 at 1–2).  But an insurance company froze the assets in a trust fund Berman wanted to tap, and  thus Berman believed the company's lawyers were impeding his trust fund access and ability to pay for his medical care. (ECF No. 1-4 at 2–3).  Berman went to the Supreme Court of Ohio's website to complain about their conduct.

The Supreme Court of Ohio's online grievance form "requires a person filing a grievance against an Ohio lawyer . . . to click [a] slider button" affirming that the individual will maintain the confidentiality of the grievance.  (*Id.* ¶ 5).  If that prerequisite box is not checked, the website provides an error message stating "[p]lease check this box if you want to proceed."  (ECF No. 1-2 at 2).  Berman wished to proceed, but did not want to agree that he would maintain confidentiality of his complaint about these lawyers' conduct.  Presumably, he never filed his grievance.

Upset with the strictures of this grievance process, Berman sued and sought leave to proceed *in forma pauperis*.  The Magistrate Judge screened Berman's original complaint pursuant to 28 U.S.C. § 1915(e)(2) and granted his request to proceed *in forma pauperis*.  (ECF No. 6 at 1). Construing the "bare bones" original complaint liberally, the Magistrate Judge recommended it be dismissed.  She determined that Berman had failed to state a claim for relief, could not sue the Supreme Court of Ohio, and had failed to meet the minimum pleading requirements of Fed. R. Civ. P. 8.  (*Id.* at 2–5).  Berman timely objected, arguing that the Magistrate Judge had overlooked the exhibits to his original complaint. (ECF No. 7 at 1–3).  He "request[ed] leave to amend to . . . name State officers in their official capacities," and attached a "rough-draft amended complaint" which he stated was "for illustration only, at this point."  (*Id.* at 1–2; *see id.* at 4).  This draft indicated that Berman may try to sue Katrina Flory in her capacity as Ohio's Chief Information Officer, raise an equal protection claim, and flesh out his right to petition claim.  (*Id.* at 4–6).

The Magistrate Judge granted Berman's request for leave to amend, construed Berman's rough-draft amended complaint as his operative amended complaint, and proceeded to screen it. She  issued a Supplemental Report and Recommendation on July 30, 2025, concluding that Berman had still failed to plead adequately because he failed to connect Katrina Flory to any allegation, state an equal protection claim, or state a right to petition claim.  (ECF No. 9 at 3–9).

On August 15, 2025, Berman requested "a two-week extension" to respond to the July 30 Report and Recommendation, promising that he would "mail [his] amended complaint by Aug. 29." (ECF No. 10 at 1).  The Magistrate Judge construed Berman to be requesting leave to file a second amended complaint and denied that request.  (ECF No. 11 at 1).  Berman objected, arguing the Magistrate Judge had mischaracterized his filings, including by misconstruing his rough-draft amended complaint to be "operative." (ECF No. 12 at 2–3).

On February 10, 2026, this Court ordered Berman to show cause why his case should not be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), noting that it appeared Berman could have submitted a paper grievance form.  If Berman could have submitted a form by paper, he would not have to agree to the online form's confidentiality provision to submit a grievance.  (*Id.* at 2–4).  Berman has failed to respond to the Order to Show Cause, but the question as to whether his pleadings provide a basis for subject matter jurisdiction must be answered.

## II.    STANDARD OF REVIEW

Article III of the Constitution "limits the jurisdiction of federal courts to hear only actual cases and controversies." *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017) (citing U.S. Const. art. 3, § 2); *Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009).  The doctrine of standing aids

federal courts in determining whether there is an actual case or controversy that they can hear, and standing is thus a threshold requirement for federal subject matter jurisdiction under Article III.

The plaintiff bears the burden of establishing standing by showing: "(1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent rather than conjectural or hypothetical; (2) there is a causal connection between the injury and the defendant's alleged wrongdoing; and (3) that the injury can likely be redressed." *Lyshe*, 854 F.3d at 857 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).  If a plaintiff lacks standing, then the case and controversy requirement is not met, and the federal court lacks jurisdiction to reach the merits of the case. *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  To evaluate standing, federal courts consider the facial "sufficiency of the pleading itself." *Oak Point Partners, LLC v. Blue Cross Blue Shield of Mich.*, 446 F. Supp. 3d 195, 198–99 (E.D. Mich. 2020).  In such instances, the court takes the factual allegations in the complaint as true, and jurisdiction exists "[i]f those allegations establish federal claims." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  Courts may dismiss a complaint for lack of subject matter jurisdiction on their own initiative. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

### III.    LAW AND ANALYSIS

To sue in federal court, Berman must sufficiently allege that he has suffered an injury in fact.  Berman lacks standing because he has not sufficiently alleged that he suffered any injury. Berman complains that he cannot file grievances against several Ohio lawyers because the online grievance form requires that he "maintain the confidentiality of [his] grievance" before he can proceed. (ECF Nos. 1-1 at 2–3; 1-2 at 1–2).  He characterized this requirement as a "lockout" that prevents him from filing his grievance.  (ECF No. 7 at 2).

4

As the Magistrate Judge astutely observed, Berman failed to "explain how the confidentiality requirement prevents him from filing his grievance." (ECF No. 6 at 4). He does not because he cannot. The Supreme Court of Ohio's grievance website shows Berman could have submitted his grievance by submitting a physical grievance in the mail,[1] as people routinely do. *E.g.*, *Kalski v. Bartimore*, 2020-Ohio-4137, ¶¶ 35, 38, 41–42 (8th Dist. Ct. App. 2020) (discussing a grievance submitted via mail to the Supreme Court of Ohio); *Plaza v. Hudson*, No. 7-cv-674, 2008 WL 2017573, at *11–12 (N.D. Ohio May 7, 2008) (discussing the paper grievance form).

It is apparent that there was an additional avenue for Berman to submit his grievance, but he fails to address it, let alone explain why he would be unable to raise his grievance concerns that way. Thus, Berman fails to show how he was prevented from proceeding with his grievance. He has not alleged a concrete and particularized injury in fact, and without an injury in fact, he lacks standing to sue. *Gunderson v. Burnaugh*, No. 25-cv-301, 2026 WL 114304, at *5 (S.D. Ohio Jan. 15, 2026) (Marbley, J.). There is no Article III case or controversy, and this Court lacks subject-matter jurisdiction to hear Berman's claims. *See Merck v. Walmart, Inc.*, 114 F.4th 762, 773 (6th Cir. 2024).

## IV.  CONCLUSION

The Magistrate Judge's first Report and Recommendation, which addressed the general insufficiency of Berman's claims as pleaded and the inability of a state court to be sued, was well-

---

[1] This Court takes judicial notice of the Supreme Court of Ohio's website, including the webpages referenced in Berman's Complaint. *Barton v. Neely*, 114 F.4th 581, 589 n.4 (6th Cir. 2024) (courts may "consider and take judicial notice of matters of public record, as well as items appearing in the record of the case"); *see Int'l Unions, Sec. Police & Fire Profs. of Am. v. Maritas*, 2019 WL 3503073, at *5 (E.D. Mich. Aug. 1, 2019) (evaluating content of three websites provided in complaint for purposes of personal jurisdiction); *Yoder v. Bowen*, 146 F.4th 516, 526 n.1 (6th Cir. 2025) (courts "routinely take judicial notice of information contained on state and federal government websites").

reasoned.  (ECF No. 6).  But as a threshold matter, Berman has not sufficiently alleged an injury in fact that would establish standing to sue, and therefore Court lacks subject matter jurisdiction to hear this case.  Accordingly, Berman's Complaint is **DISMISSED** for lack of subject-matter jurisdiction.

        **IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED:  March 3, 2026**